UNITED STATES DISTRICT COURT
MIDDLE DISTRICT COURT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY P. SEMON, LINDA LEEVER and WILLIAM JACOT, <br><br> Plaintiffs, <br><br> v. <br><br> MAPS INDEED, INC., et al., <br><br> Defendants. | Civil Action No. 3:14-CV-01593 <br><br> (Judge Kosik) |

# MEMORANDUM

Currently before this Court for consideration is Plaintiffs' Motion for Reconsideration (Doc. 116) of this Court's September 19, 2016 Order (Doc. 115). Plaintiffs have filed a brief in support of the same (Doc. 117) and have subsequently filed at attachment labeled "Exhibit A" (Doc. 122). All Defendants have filed briefs in opposition (Docs. 119, 120, and 121) to Plaintiffs' motion. This matter is ripe for disposition. For the reasons that follow, we will deny Plaintiffs' motion.

## I. BACKGROUND

The relevant facts are set forth in this Court's Memorandum granting Defendant Victor DeAnthony's motion for a temporary stay of proceedings. (Doc. 115). In support of Plaintiffs' current motion for reconsideration, Plaintiffs submit that new information has been obtained that will allow them a new avenue to communicate with the currently incarcerated Defendant Victor DeAnthony. It is on this basis that Plaintiffs seek reconsideration of the September 19, 2016 Order (Doc. 115) and to allow them sixty (60) days to address Defendant Victor DeAnthony's claims of prejudice.

## II. STANDARD OF REVIEW

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration

must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

The usual vehicle for a motion for reconsideration is Federal Rule of Civil Procedure 59(e) or 60(b). However, neither Rule 59(e) nor 60(b) applies because the order Plaintiffs seek to have reconsidered is not a final judgment or order but rather, an interlocutory decision. See Bausch & Lomb Inc. v. Moria S.A., 222 F. Supp. 2d 616, 669 (E.D. Pa. 2002); Dayoub v. Penn-Del Directory Co., 90 F. Supp. 2d 636, 637 (E.D. Pa. 2000); 15A Fed. Pract. & Proc., § 3914.13 (2d ed.) ("A decision to grant a stay ordinarily is no more final than denial, ... [t]hey are no more appealable than other interlocutory procedural orders."). However, a federal district court has the inherent power to reconsider interlocutory orders " 'when it is consonant

with justice to do so.' " Walker by Walker v. Pearl S. Buck Foundation, Inc., Civ. No. 94-1503, 1996 WL 706714, at *2 (E.D. Pa. Dec. 3, 1996) (internal citations omitted).

As provided for above, Plaintiffs request the court to reconsider its interlocutory order temporarily staying the proceedings. As the September 19, 2016 Order (Doc. 115) is not a final judgment or order, but rather, an interlocutory decision, their current motion is not properly before this Court. Nonetheless, we will address their motion.

Plaintiffs argue that new information has been obtained that will allow them a new avenue to communicate with the currently incarcerated Defendant Victor DeAnthony. Specifically, Plaintiffs submit an email marked as "Exhibit A" (Doc. 122) that purports to be an email correspondence between Defendant Anthony DeAnthony's daughter and counsel for Plaintiffs. Thus, in an attempt to satisfy the standard for a motion for reconsideration, Plaintiffs hang their hat on the argument that this email correspondence, which purports to allow Plaintiffs a limited vehicle to communicate with the incarcerated Defendant, is "new evidence." Plaintiffs' interpretation of what constitutes "new evidence" is without merit.

The Court notes that a motion for reconsideration may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale, 153 F. Supp.2d at 692 (stating its inability to "sift through new evidence that, although in existence" previously, was never presented to the court). Importantly, " 'new evidence', for reconsideration purposes, does not refer to evidence that a party ... submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." Blystone v. Horn, 664 F.3d 397, 415-16 (3d Cir. 2011) (citations omitted.) "Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." Id. (citations omitted).

Plaintiffs in the instant matter fail to present any new evidence, facts or issues which were not previously in existence and available to them. As highlighted by Defendants,

Plaintiffs' categorization of an avenue to communicate in a limited way with the incarcerated Defendant as new evidence or information, could have been obtained through the exercise of due diligence previous to our decision.  Additionally, the alleged limited communication capabilities of the incarcerated Defendant fails to address the basis for this Court's Order.  That is, Defendants still would not have access to the business records located on Defendant Map InDeed's computers that are located in a storage facility in Virginia while Defendant Victor DeAnthony is incarcerated.  Plaintiffs' argument simply does not "provide the basis for a successful motion for reconsideration."  <u>Blystone</u>, 664 F.3d at 416.  Accordingly, Plaintiffs' motion for reconsideration will be denied.

### IV. C<small>ONCLUSION</small>

For the reasons set forth above, we will deny Plaintiffs' Motion for Reconsideration. An appropriate order follows.