## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY P. SEMON, <br> LINDA LEEVER, and <br> WILLIAM JACOT, : | |
| Plaintiffs, : | CIVIL ACTION NO. 3:14-1593 |
| v. : | (JUDGE MANNION) |
| MAPS INDEED, INC., *et al.*, : | |
| Defendants. | |

## **MEMORANDUM**

Presently before the court is a motion filed by defendant InSequence, Inc., ("InSequence"), to strike as untimely or, in the alternative, to dismiss for failure to state a claim for relief, the cross-claims for indemnification defendant Victor DeAnthony, ("VD"), filed, *pro se,* against it. (Doc. 93 at 4-11). The motion is filed pursuant Rule 12(f) and Rule 12(b)(6). (Doc. 102). InSequence's motion to strike is based on VD's untimely cross-claims which were inexplicitly filed more than two months passed the deadline. InSequence bases its alternate motion to dismiss VD's cross-claims, in which he alleges that he is entitled to indemnification from InSequence since he was an employee of InSequence at the time he was convicted of defrauding plaintiffs Jeffrey P. Semon, Linda Leever and William Jacot ("plaintiffs"), on the well-settled law that VD, as an agent, has no right to indemnity for damages suffered by reason of his own fraud and misconduct. Based on the following,

the court will grant InSequence's unopposed motion and dismiss VD's cross-claims against it with prejudice.

I. **BACKGROUND**[1]

Briefly, VD was one of the co-founders of InSequence and was its President until his termination in June of 2013. Defendant Jeffrey DeAnthony ("JD") was also previously employed by InSequence until his termination in July of 2013. Mark Hollis was another former employee of InSequence. In 2010, VD, JD and Hollis formed a company separate from InSequence, namely, Maps InDeed, Inc. ("MID").

The plaintiffs allege that they were defrauded by VD and JD into investing in MID. The plaintiffs initiated this case raising claims regarding their investments in MID. They have named MID, VD and JD as defendants. The plaintiffs also assert claims against InSequence alleging that MID was an alter ego of InSequence and, that InSequence is liable to them for their injuries caused by JD and VD based on agency theories of liability.

InSequence filed its motion to strike or, in the alternative, to dismiss VD's cross-claims for indemnifications against it. (Doc. 102). InSequence simultaneously filed its brief in support of its motion. (Doc. 103). VD failed to

---

[1]Since the factual background of this case was stated in the court's March 11, 2016 Memorandum, (Doc. 56), it shall not be repeated herein. The court notes that this case was stayed by the previously assigned judge on September 12, 2016 and thereafter lifted by the undersigned on March 1, 2019, when VD was released from federal prison. (Docs. 115 & 140).

file a brief in opposition to InSequence's motion and the time within which to do so has long expired. No other party filed a brief regarding InSequence's present motion.

## II. DISCUSSION

Initially, VD is deemed as not opposing InSequence's instant motion due to his failure to file a brief in opposition under Local Rule 7.6, M.D.Pa.

Further, since VD did not file his cross-claims against InSequence in a timely manner, they can be stricken under Rule 12(f).[2] Cross-claims were due in this case by May 19, 2016. (Doc. 68, ¶6.3). VD did not file his cross-claims against InSequence until July 20, 2016, over two months out of time. (Doc. 93). VD did not move the court for an extension of time to file his cross-claims and, he did not provide any explanation for his failure to timely file his cross-claims. The court also notes that VD's cross-claims were due before he was incarcerated in federal prison on June 1, 2016.

---

[2] Motions to strike a pleading "are not favored", and "striking some or all of a pleading is considered a 'drastic remedy.'" Harris v. Saint Joseph's University, (2014 WL 12618076, *3 n. 7 (E.D.Pa. Nov. 26, 2014). Further, "courts possess 'considerable discretion in disposing of a motion to strike under Rule 12(f).'" *Id*. (citation omitted). As such, the court will not strike VD's cross-claims under Rule 12(f), rather, it will dismiss them for failure to state cognizable claims under Rule 12(b)(6).

3

Moreover, VD's cross-claims against InSequence for indemnification fail to state a viable claim for relief, and are subject to dismissal under Rule 12(b)(6).[3]

InSequence argues that VD is not entitled to seek indemnity from it because he committed fraud and misconduct, and his own wrongful conduct gave rise to the plaintiffs' instant action against them both.[4] "[I]ndemnification shifts the entire loss from one party to another." Bank v. City of Philadelphia, 991 F.Supp.2d 523, 528 n.9 (E.D.Pa. 2014) (citation omitted). "Absent a contract to indemnify, a defendant will be entitled to indemnification if, due to

---

[3] Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007).

[4] InSequence notes that Virginia law applies to VD's cross-claims against it since it is a Virginia corporation, VD is a resident of Virginia, and VD was employed by InSequence in Virginia. Regardless, of whether Virginia law or Pennsylvania law applies to VD's cross-claims, VD fails to state a claim for relief for indemnification against InSequence based on the above discussion. *See* Bank, 991 F.Supp.2d at 530 ("Because the party seeking common law indemnity [under Pennsylvania law] must demonstrate that there was no active fault on his own part, 'indemnity is unavailable to an intentional tortfeasor because it would permit him to escape liability for his own deliberate acts.'" (citations omitted). Further, both Virginia and Pennsylvania follow the Restatement on the Law of Agency. *See* Parker v. Carilion Clinic, 296 Va. 319, 819 S.E.2d 809 (2018) (Supreme Court of Virginia stated that Virginia law "tracks analogous requirements in the second and third Restatements of Agency.") Thus, for purposes of InSequence's present motion, there is no conflict between Virginia and Pennsylvania law.

4

no fault of his own, he has been legally compelled to pay for damages primarily caused by another." *Id*. at 530 (citation omitted). "Common law indemnification [under Pennsylvania law] is appropriate when a defendant's liability 'arises not out of its own conduct, but out of a relationship that legally compels the defendant to pay for the act or omission of a third party." Bank, 991 F.Supp.2d at 530 (citation omitted). "The common law right of indemnity 'enures to a person who, *without active fault on his own part*, has been compelled, by reason of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable.'" *Id*. (citation omitted) (emphasis in original).

Also, under Virginia law, implied indemnity is recognized as arising out of the relationship between the parties. However, "[i]f a defendant is guilty of active negligence [or wrongdoing] he may not obtain indemnification from any other defendant." Philip Morris, Inc. v. Emerson, 235 Va. 380, 411 (1988).

Additionally, VD appears to be relying, in part, on the Restatement (Third) of Agency §8.14(b), for his cross-claims against InSequence, which provides, "[a] principal has a duty to indemnify an agent ... when the agent suffers a loss that fairly should be borne by the principal in light of their relationship." No doubt that "[a]n agency relationship has been held to support a claim for indemnification." C & E Services, Inc. v. Ashland, Inc., 498 F.Supp.2d 242, 267 (D.D.C. 2007) (citation omitted). However, Comment b to the Restatement, provides that "[a] principal's duty to indemnify does not extend to losses that result from the agent's own negligence, illegal acts, or

5

other wrongful conduct." Restatement (Third) of Agency, §8.14(b), cmt. b (2006). Here, the claims asserted against VD by plaintiffs in the underlying lawsuit are based on his own alleged wrongdoing and illegal acts.

In this case, indemnity is unavailable to VD since he is an intentional tortfeasor, based on his criminal conviction, and if his cross-claims for indemnification were allowed as against InSequence, these claims would impermissibly permit VD "to escape liability for his own deliberate acts." <u>Bank</u>, 991 F.Supp.2d at 531. Further, it is of no moment that VD was formerly employed by InSequence and the alleged fraud he committed against the plaintiffs occurred during the scope of his employment with InSequence since he is precluded from seeking indemnification for his own misconduct.

In addition, VD's second cross-claim against InSequence is based on equitable indemnification. "[E]quitable indemnification may be 'implied in law in order to achieve an equitable result and prevent injustice.'" <u>C & E Services, Inc.</u>, 498 F.Supp.2d at 266 (citation omitted). "Equitable indemnification may also be implied 'out of a relationship between the parties, to prevent a result which is regarded as unjust or unsatisfactory.'" *Id*. at 266-67 (citations omitted). In this case, VD is not entitled to equitable indemnification from InSequence, since it would clearly not "achieve an equitable result and prevent injustice", based on the above discussion.

### III. CONCLUSION

Based on the above reasons, InSequence's motion to dismiss VD's cross-claims against it for failure to state, (Doc. 102), a claim is **GRANTED**, and VD's cross-claims for indemnification are **DISMISSED WITH PREJUDICE**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: March 19, 2019**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2014 MEMORANDA\14-1593-01.wpd