**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY P. SEMON,** *et al.*, : | |
| : | |
| **Plaintiffs** : | **CIVIL ACTION NO. 3:14-1593** |
| : | |
| v. : | **(JUDGE MANNION)** |
| : | |
| **MAPS INDEED, INC.,** *et al.*, : | |
| : | |
| **Defendants** : | |

**MEMORANDUM**

Pending before the court is the motion filed, pursuant to Fed. R. Civ. P. 55, by plaintiffs Jeffrey P. Semon, Linda Leever and William Jacot for entry of default judgment and to liquidate damages, (Doc. 160), against defendant Maps Indeed, Inc., ("MID"). Since the court finds, plaintiffs' motion for default judgment is premature, it will **DENY** the motion, **WITHOUT PREJUDICE** to the renewal of the motion at a later stage of the litigation.

**I. BACKGROUND**[1]

At the time this case was initiated, MID was a lawfully organized and registered Virginia corporation with a registered office address of 13454 Sunrise Valley Drive, Herndon, VA, and a mailing address of 19438 Diamond

---

[1]Since the factual background of this case was stated in the court's March 11, 2016 Memorandum, (Doc. 56), and its March 19, 2019 Memorandum, (Doc. 143), it shall not be fully repeated herein.

Lake Drive, Leesburg, VA. Defendant Victor DeAnthony, ("VD"), was the president and chief executive officer of MID, and his brother defendant Jeffrey DeAnthony, ("JD"), was the chief marketing officer of MID. At the time plaintiffs filed their second amended complaint ("SAC") on December 10, 2014, (Doc. 32), MID was represented by counsel, and it filed a motion to dismiss the SAC. The court denied MID's motion on March 11, 2016. (Doc. 56). The court then granted the motion of MID's counsel to withdraw on April 1, 2016. (Doc. 64).

Subsequently, no new counsel entered an appearance on behalf of MID and no further court filings were docketed on behalf of MID, including an answer to plaintiffs' SAC.

On June 23, 2016, plaintiffs filed a motion for default as against MID due to its failure to plead or otherwise defend against their SAC. (Doc. 84). On August 9, 2016, the court entered default against MID under Rule 55(a). (Doc. 110). The copy of the court's August 9, 2016 Order mailed to MID was not returned as undeliverable.

MID has filed nothing in this case since its former counsel filed his motion to withdraw. New counsel has not entered an appearance for MID. Nor has anyone taken any action in this case on behalf of MID since April 1, 2016.[2]

---

[2]"It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel."

According to plaintiffs' Exhibit C attached to their instant motion, the Virginia State Corporation Commission website indicates that MID's status as a corporation is "terminated." The website also indicates that VD is still the registered agent for MID. As such, plaintiffs served both MID and VD with a copy of their instant motion.

On April 25, 2019, plaintiffs filed their motion for entry of default judgment, with attached exhibits, pursuant to Fed. R. Civ. P. 55, and a motion for liquidated damages. (Doc. 160). Plaintiffs simultaneously filed their brief in support of their motion. (Doc. 161). Plaintiffs seek to recover the damages they allege were caused by their investments in MID, which they claim were induced by fraud, in the amount of $616,770.62.

To date, MID has neither responded to plaintiffs' SAC nor to the default entered against it. Also, MID has not responded to plaintiffs' motion for entry of default judgment. Further, counsel has not entered an appearance on MID's behalf since April of 2016, and MID has not filed any document with this court regarding this case since that date.

On May 9, 2019, defendant InSequence, Inc., ("InSequence"), filed a brief in opposition to plaintiffs' motion for entry of default judgment arguing that the motion is premature since it has not yet been determined whether plaintiffs can establish alter-ego liability for InSequence based on the conduct

---

Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716 (1993).

of MID. (Doc. 165). Plaintiffs did not file a reply brief in support of their motion and the time within which to do so has expired.

## II. DISCUSSION

Rule 55(a) provides that the clerk must enter a party's default when the defendant has failed to plead or otherwise defend an action seeking affirmative relief, as shown by affidavit or otherwise. "Once the Clerk enters default, if the claim is not for a sum certain as contemplated by Federal Rule 55(b)(1), then 'the party must apply to the court for a default judgment.'" Reser's Fine Foods, Inc. v. Van Bennett Food Co., Inc., 2015 WL 6103637, *2 (E.D.Pa. Oct. 16, 2015) (citing Fed. R. Civ. P. 55(b)(2)); *see also* Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 521 n.1 (3d Cir. 2006) (Third Circuit noted that only after the clerk has entered a default under Rule 55(a) may the court entertain a motion for default judgment under Rule 55(b)(2)). Entry of default judgment is within the sound discretion of the district court. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). If the court determines that defendant is in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (quoting 10 C. Wright, A. Miller, & M. Kane, Fed. Prac. & Proc. Civ. §2688 (3d ed.)).

### A. Default Judgment

The Third Circuit "disfavor[s] default judgments and encourag[es] decisions on the merits." Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008). Further, "[a]n entry of default under Rule 55(a) 'does not entitle a claimant to default judgment as a matter of right.'" Manufacturers and Traders Trust Co. v. Chalpin Dental Associates, P.C., 2012 WL 1033862, *9 (E.D.Pa. March 28, 2012) (citation omitted). "As a general rule ... when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." Id. at *10.

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." Reser's Fine Foods, 2015 WL 6103637, *2 (citations omitted). In this case, the court has federal question jurisdiction under 28 U.S.C. §1331 since plaintiffs assert claims against defendants under the Securities Exchange Act, 15 U.S.C. §78a, *et seq*. The court can exercise supplemental jurisdiction over plaintiffs' state law claims pursuant to 28 U.S.C. §1367. The court also finds that it has personal jurisdiction over MID because it is a Virginia corporation being sued by Pennsylvania residents for its activities in Pennsylvania. Venue is also proper in this court under 28 U.S.C. §1391. Plaintiffs have satisfied the technical requirements for the court's entry of default judgment.

The court also finds that plaintiffs complied with Fed.R.Civ.P. 4(h) and (e), and with Pa.R.C.P. 424(2), for properly serving MID, a corporation, with their SAC. After MID's motion to dismiss plaintiffs' SAC was denied, MID did not serve an answer on plaintiffs, as required by Fed. R. Civ. P. 12(a)(1). Nor has new counsel appeared or otherwise defended this case on behalf of MID. As such, the court has entered default against MID upon plaintiffs' motion for entry of default.

Nonetheless, the court finds that since there is a potential for inconsistent judgments with respect to MID and InSequence, default judgment should not yet be entered against MID "because claims based upon identical allegations and theories of liability remain pending against a defendant [InSequence] whom [has not defaulted and has served an answer on plaintiffs]." Broadcast Music, Inc. v. ST. George & Mary, Inc., 2017 WL 11037145 (M.D.Pa. Aug. 9, 2017) (citing Farezetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir. 1986)). No doubt that InSequence has responded to plaintiffs' SAC and its liability as to plaintiffs' claims has not yet been resolved.

Plaintiffs allege in their SAC, (Doc. 32 at ¶'s35-67), that InSequence is MID's "dominant and controlling shareholder." They also allege that "JD and VD, as employees, agents, representatives, or principals of InSequence, falsely stated to Plaintiffs that fresh capital was needed so that MID could appear to be in a strong financial condition as it was being inspected and

courted [for] acquisition by multinational companies", and that "JD and VD promised plaintiffs that their investments were certain to yield large returns, and that InSequence would not allow MID to fail." Plaintiffs further allege that JD and VD were officers of InSequence, paid by InSequence, operated out of an InSequence office, and defrauded them during their employment with InSequence.

It has not yet been determined whether plaintiffs can establish alter-ego liability for InSequence based on the conduct of MID. If default judgment is entered against MID at this point of the case, then it is possible to have an "incongruent outcome" for InSequence who is "similarly situated" to MID. *See* Joe Hand Promotions, Inc. v. Tickle, 2014 WL 1051821, *5 (M.D.Pa. March 17, 2014) ("In Frow [v. De La Vega, 15 Wall. 552, 554, 82 U.S. 552 (1872)], the Supreme Court held that a court cannot enter final judgment on the merits separately against one of several defendants upon a joint charge against all, where the case is still pending as to the other defendants.") (citing Farszetta v. Turner & Newall, Ltd., 797 F.2d 151, 154 (3d Cir.1986) ("Interpreting Frow's application, the Third Circuit maintains 'that if at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved.'").

Additionally, Fed.R.Civ.P. 54(b), provides in pertinent part:

7

> When ... multiple parties are involved [in an action], the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006), the Third Circuit stated the following factors that "courts should consider when assessing that there is a 'just reason for delay' under Rule 54(b):"

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

(citations omitted).

In its brief, (Doc. 165 at 3) InSequence explains as follows:

> The [plaintiffs' instant] Motion presents a dilemma for InSequence in that InSequence's defense will include contesting whether [VD], [JD], or MID committed any tort or other wrongful conduct alleged by Plaintiffs. Doing so will require extensive discovery, depositions, and investigation into what statements were made between VD, JD, and Plaintiffs. That process has not begun. Entering judgment against MID now would open the door to the Court rendering logically inconsistent judgments.

Considering the Berckeley factors, "the possibility of an incongruous result [with respect to MID and InSequence] constitutes a just reason for delaying the entry of default judgment against [MID] such that the Plaintiffs['] motion is denied at this juncture, without prejudice." Joe Hand Promotions, 2014 WL 1051821, *7 (citation omitted). MID and InSequence are similarly

8

situated as to plaintiffs claims against them in the SAC. The court finds that "entry of default judgment against [MID] while identical claims remain pending against [InSequence, the corporate entity upon which plaintiffs are seeking to hold liable for the conduct of MID under an alter-ego theory], might result in 'logically inconsistent determinations as to liability,' and work 'an incongruous result' such that defaulting defendant[] would 'unjustly bear the burden of judgment.'" Trans. Refrigerated Lines v. New Prime, Inc., 2016 WL 4727145 (M.D.Pa. Feb. 2, 2016) (citations omitted). *See also* Manufacturers and Traders Trust Co., 2012 WL 1033862, *10.

## III. CONCLUSION

For the reasons discussed above, plaintiffs' motion for entry of default judgment against MID, (Doc. 160), is **DENIED WITHOUT PREJUDICE**. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 6, 2019**

14-1593-02.wpd

9